Thank you, your honor. May it please the court, my name is Michael Spencer representing Diane Gruber, Mark Reynolds, who are the plaintiffs below. I do request two minutes of rebuttal, please. I take a little bit different approach to this. I believe that Keller is not precedent that applies in any fashion to the questions that we are raising in this case. I'm not as concerned about the non-germane speech. Keller prohibits it, the booth prohibited it. I'm concerned about the funding of germane speech. Keller did not decide the issue of whether a bar can use its mandatory dues to fund germane speech. I'm not saying it didn't say that, but they didn't decide it. And the reason for that is simple. Article 3, Section 2 of the United States Constitution prohibits or grants jurisdiction to federal courts for cases and controversies. And if you look at Keller, Keller was a challenge to speech by the California State Bar promoting political issues, primarily gun control. It was a challenge to non-germane speech. There was no challenge, there was no discussion, there was nothing regarding whether you could use funds for germane speech. So it was not decided. If it wasn't decided, how can it be precedent? It's dicta. Therefore, it does not bind you. Likewise, Lathrop is not precedent under any circumstances. It was a plurality. Let me push back on you a little bit on that. In theory, you've got two categories of speech to say. You've got germane and non-germane speech. And if the Supreme Court is saying somebody is challenging non-germane speech and the Supreme Court in Keller says you can't force them to fund your non-germane speech, I think it's accurate to say that implicit in that is that, well, you can. In fact, I think they did say you could have them fund the germane speech. So I think that even though they weren't challenging germane speech, they were challenging non-germane speech. That was sort of built into – that was an issue they had to reach in order to resolve, unlike the association claim, which they reserved, I think. But tell me why I'm wrong about that. I don't believe they had to deal with it at all. They just said it. Why would they have to say anything about germane speech and make a determination of whether that was appropriate? First off, a boot had already been decided and said that it is allowed, but they didn't decide Keller on germane speech based upon any case law at all. They just had a one-sentence statement saying that it was allowed. It was not necessary in their decision in any way, shape, or form. It was not litigated by anyone. There was no argument one way or the other by any party. Isn't it implicitly kind of built into the whole – when they go on and talk about what you can allow people to pay for and what you can't allow, and then saying that you could allow them to pay for germane speech, I mean that's – they had to decide. They had to have decided that it was okay. No, they don't have to decide it at all. They have to decide whether you could use the funds for the non-germane speech. Again, nobody is litigating it. So if you take that approach, the court could make a determination in a case that you could build the wall down in Mexico in a free speech case involving integrated bars and that becomes precedent just because they say it. No, it doesn't matter. That's dicta. I think a better example would be we're challenging these two different types of walls, and the court says we're only challenging this other kind of wall. You can't do it, but we're not challenging this other type. And the court says, okay, you can use the money for the one type but not for the other type. It seems to me that the court has decided you can – it's decided both types of walls. Then they're given an advisory opinion on one type of wall. They're not deciding it because any interested party didn't get an opportunity to litigate it. It was not litigated below in Keller of non-germane speech at all. So you were saying when I interrupted you why Lathrop hadn't decided this issue. Why didn't Lathrop decide this issue? Lathrop is a plurality decision. Only three justices decided the constitutional question. Four of them talked about it, but they specifically said that they were not going to decide the constitutional question. And instead, they affirmed the Wisconsin Supreme Court on procedural grounds. So if there's no decision, it's a plurality decision. Now, up until July of 2018 when Janice was decided, those cases certainly have some effect on arguments, but they're not precedent. They may be persuasive of why you made decisions in the past or whatnot about what the Supreme Court is going to do, but they're not precedent unless it's the decision the court made. Otherwise, you're talking about a violation of Article III, Section 2 of the Constitution. Even the Supreme Court is limited in its jurisdiction to cases and controversies before it. And if it's not the issue before it, then it's not a decision. I don't see how we can get to that point at all. And if it's not finding precedent on this court, then you look at Janice. Janice did not deal with non-germane speech. That was already prohibited by the Janice overturn. It doesn't use the mandatory funding for germane speech. I disagree with prior counsel that had anything to do with deciding it wasn't a compelling state interest. They agreed it was a compelling state interest. What they did was apply exacting scrutiny to the means that the state utilized to achieve the compelling state interest. They apply exacting scrutiny to that means to see if it passes that. And that's what has not been done in integrated bars and we're arguing needs to be done in this case. It's the only way to make it work. Otherwise, we're talking about one sentence in Keller somehow makes a precedent. But that was not the issue before the court. It was not argued. It was not litigated. It may be that we think that's what the court decided. But we have no way of knowing because they didn't say. They didn't discuss it other than just making a comment that was not necessary in a litigation over whether you can use the funds for non-germane speech. Remembering that Keller came in after Abood shortly thereafter. The parties were suing because this violated, they thought, the Abood decision on the use of mandatory funding for non-germane speech. Can I ask you a question, counsel, about Lathrop? So it's your – do you think Lathrop – because Keller cites Lathrop. So even if Lathrop wasn't binding, then the plurality's decision in Lathrop wasn't binding, then in theory Keller made it binding. But Keller says the guiding standard must be whether the challenge expenditures are reasonably or necessarily incurred for the purpose of regulating legal protection of food, inequality, or legal service available in the people of the state. So it seems to me that it's saying this is your standard, and if it meets that standard, then expenditures are fine. If not, they're not. And so I – again, I'm just struggling with the fact that this isn't decided by Keller. Again, Lathrop's plurality, and I've cited to you in your reply brief that a plurality decision, a decision that's not joined by a majority of the justices, placing in future cases about what the Supreme Court might do when this issue comes up is not precedent under any circumstances. If you look at Lathrop, three justices were the only ones that decided the constitutional question. Four justices did not decide it at all. They specifically said we're not going to decide it, and two of them dissented. So can a court 20 years or so later change a ruling? Well, they can always overrule it. Yes, they didn't do that, but they didn't discuss it. And Lathrop is persuasive. They're trying to figure out what the Supreme Court might do. If there had been an argument or a challenge in Keller to the use of funds for germane speech, I would agree with him. But there was no such challenge. And, therefore, does the court have jurisdiction to even make the decision in the first place if we're challenging that issue? Well, counsel, did you want to reserve the rest of your time? Can I just ask a question? So, Mr. Spencer, so are you saying that mere membership, if your argument is that even germane speech should be controlled, does mere membership mean that you want to place these safeguards that for every bar, before they do anything, they have to submit some sort of explanation of what they're going to do and give the members the opportunity to opt out of that because anything they may do, germane or undermane, there may be an objection to it? I believe that Janice is very clear it deals with germane speech because it was unnecessary to deal with non-germane speech. Abood had already prohibited that. It's not a matter of opting out. Janice requires you to opt in if there's going to be the speech issue. It doesn't say you have a right to opt out. You have to opt in in order to use your mandatory funds. We also have the freedom of association claim, which in this case, certainly the appellees have agreed was not raised in Janice. And I've cited that on page 24 of their brief. It just isn't an issue that was addressed in Keller. But we have those two issues. So, counsel, just so I understand your answer, Judge Cardone, I think I understand. It sounds to me like the counsel in the other case, the Crow case, they are sort of basically saying what Judge Cardone was just saying. But in your case, with your argument, you don't think they can even engage in germane speech unless you've opted in. So, really, the procedural protections doesn't really apply for you because people, you know, they don't, that, you don't care about that part. But that's not really relevant because you don't think that the bar can even be engaging in germane speech. So, there's no line between germane and non-germane that would be protected by these procedural protections. Is that right? I agree with that. Because if you look at Janice, they didn't have to decide the non-germane speech. That was prohibited. And it's germane, non-germane. I think part of the problem is understanding what's it germane to. It's whether it's germane to the compelling state interest. It's not whether the means meets any type of scrutiny at all. If it's non-germane, you don't have the right to infringe on First Amendment rights if it's not germane to your compelling state interest. You could petition. I think we, I'm going to go ahead and give you a minute afterwards because we kind of ran you over. But I'll go ahead and switch over to your opposing counsel. Counsel, you may proceed. Thank you, Your Honor. May it please the Court, Stephen Wilker for the Defendant Appellees in the Gruber case. I want to start just briefly with there ought to be a presumption of regularity here with respect to the choice that the state of Oregon has made as to how to regulate the bar and how to regulate the admission and discipline of attorneys in the state. This is not a public labor union. There are, in fact, differences that make this case distinct from Jantz and distinct from Abood. And while Abood informed the reasoning in Keller, on two occasions the Supreme Court has made it clear that lawyers are different and that the regulation of the bar is different. Counsel, I'm glad you're talking about that because I was hoping somebody would bring that up because I'm a lawyer or used to be before I was a judge. And I hate the idea that I get like less First Amendment protections than unions. I mean nothing against unions, but I don't think they should have more First Amendment protections than lawyers. So that's one concern I've got. Are you really arguing that lawyers should have less First Amendment? After all, it's lawyers that protect everybody else's First Amendment rights. So shouldn't they get more First Amendment protections? I think in the context that we're talking about, Your Honor, we're talking about what the court has said the state may do in the context of regulation of lawyers in the legal profession. And so there are circumstances where lawyers… Yeah, but what we're talking about specifically is like can they force them to be a member of a group? The Supreme Court said you can't do that with unions, but we can do that with lawyers. We can force compelled associations so that you're compelled to associate with a message that you don't agree with. We're talking about compelled funding of speech. You know, the issues in this case, how is it different with regard to the issues in this case? Certainly, Your Honor. And I'm just going to go back to the precedent, which is you identified it clearly with respect to Keller. And although Mr. Spencer says they didn't decide it, they absolutely said it. They said that compulsory membership and the use of funds from compulsory members to fund activities germane to the regulation of lawyers is permissible. They have done the analysis and said that's okay. Now, Mr. Spencer claims they didn't do the analysis. It's not part of the decision. But, in fact, it is. And I think it would be unfair or inappropriate for this court to simply ignore the words of the Supreme Court because you think it might come out differently today. Agostini tells us that's not the appropriate path here. So I think that's right. I think that's right, counsel. I think that's right with regard to the claim that was addressed in Keller. I think that's right. I think that it's very difficult, in my mind, to reconcile Keller with Janus. I mean, after all, it's based on a boot, and the boot was overruled in Janus. But I think you're right. But what do we do? So you are right that lawyers get – until the Supreme Court does something different, lawyers do get treated with regard to the claim that was in Keller. They get treated different and worse than unions on that claim. Does that mean we have to – if the free association claim is open, do we have to treat them worse? Do we have to treat them worse for purposes of the free association claim if it's open? And I would say I don't think it's open because I do think, however thin the reasoning is, I think Morrow decides that question. Morrow, in fact, decides that individual California lawyers aren't so impinged by having to be forced to associate as to be able to state such a claim. Okay, so what's the reasoning in Morrow? That's really important. You say, however thin the reasoning. I'm sorry to interrupt you, but this is – this is actually – you're really getting to the meat of the issue, I think, because Supreme – Ninth Circuit case law is pretty clear that panels are not bound by a prior decision that doesn't have reasoning. And what is the reasoning in Morrow? And I think the reasoning is that in an organization to which, one, you can constitutionally be required to join, at least for some purposes, which Keller and Laffer said, even if Laffer didn't do it on a constitutional ground, the Supreme Court in Keller essentially affirmed that Laffer was good law and that we can't have compulsory members. And so the question is, is there some circumstance in which an association claim could be – whether it's extreme or not, it has to be outside the bounds. And this is where we get – I don't think that's accurate though. Again, I think you're making the same mistake that your – that prior counsel in the case made. You can't assume with Supreme Court case. Maybe you can do that a little bit with lower courts because we have to decide the issues that are in front of us, so you can decide that we implicitly – with the Supreme Court, the Supreme Court can be presented with a claim and just say, you know what? I don't care. I'm not going to reach it. And that's exactly what they did in Keller. Not only that, I agree with you that it's not so clear whether Laffer breached it, but they say in Keller that Laffer didn't reach it. So we've got to take the Supreme Court's word for that. So I don't think you can say that, well, it was presented or it's like implicit and they decided that when the Supreme Court says we're not reaching it. That's their parodic. They get to do that. And that's not exactly where I was going with this. Let me just try and answer your question. Hopefully I will. But it does seem to me, and it's a point that I raised earlier, which is that the Oregon Bar tries to, in the post-Keller world, the Oregon Bar endeavors to be, and by its bylaws, endeavors to be Keller pure, which means it does, in fact, only do those things which it is constitutionally permitted to do under Keller. And therefore, the idea that any reserve, the difference between the California Bar circa 1990 and the Oregon Bar is that the California Bar at that time was, in fact, engaged in advocacy and things beyond those which the court found to be germane. So I think your claim, to say it real simply, is your claim is Oregon Bar doesn't engage in non-germane stuff. And therefore, under Keller, they don't – the pure association claim that was reserved in Keller doesn't apply to the Oregon Bar because they don't engage in non-germane stuff. And I think that's legitimate. Actually, that's – okay, so that's fine. But how do you – this is a motion to dismiss. Your opponent said they do engage in non-germane stuff. They provided some stuff that seems a little spicy from the Oregon State Bar and especially from their – that they printed in their book. So what do we do with that? Okay, so let me be clear about two things. One, in the context of the Gruber case, there is no such argument in this appeal. In the context of the Crow Coordinate litigation, there is, in fact, one instance, which is this publication that's pointed to. But the notion that every time – that if you mess up, somehow you violated the Constitution as if you, in fact, have a proper remedy or proper procedural safeguard. The court has said if you have proper procedural safeguards, then that doesn't – then the actual mess-up, as you might call it, doesn't arise to a constitutional violation. It only said that with regard to the Keller claim. It did not say that with regard to the claim it did not address, and Keller could have said that. It didn't address it. I understand that, Your Honor, but the principle ought to be the same if the question is – if your endeavor not to – Maybe it ought to be the same, counsel, but that's only if we apply Keller. Like if we say, well, we're going to apply – but so shouldn't we – if we're going to reach a claim that was left open, shouldn't we apply, like, the court's entire free association jurisprudence, which would include Janus, etc.? Except Janus really doesn't get there either, Your Honor, because Janus talks about the compelled subsidy. And so the question becomes in a different context and in a context in which the court has twice said, you know, this – that Keller fits into a different mold. That's Harris. Let me ask you this then. So this is what I asked prior – assuming we do reach that and we're not far close from reaching, because I think you were kind of getting – what is – if Janus isn't the right case to apply, how should we analyze the free association claim if it's open? I think the argument is that it's actually – that there is no different analysis than the existing analysis that Keller performs. Let me just finish. If you can be compelled – and we believe you can under Keller, and as long as Keller is still good law – if you can be compelled to join and you can be compelled to fund germane activities. Well, wait. You can be compelled to fund. I give you that. But Keller says compelled to join is a different deal. Now, I realize that, like, it seems kind of weird that it would decide one and not the other, but that's what the court did. And what I'm suggesting to you, Your Honor, is that there's no good reason to apply a different standard under the First Amendment to the association claim than it is to the speech claim. Except for when I read the U.S. Supreme Court's – I mean I think the Supreme Court's changed where it was at in Abood and Keller. It just has, right? And so when I read the more recent stuff and I have to apply that stuff, I think it leads to a different conclusion. But you don't think so? I don't think so. I don't think there's anything in the court precedent that suggests that there's a different analysis of that question. If I can – and, again, it all premised on if I can compel the speech on germane activities, which Mr. Spencer says I can't. But if I can, then not being able to compel the alleged association by requiring a lawyer to be a member of the bar and somehow that – that somehow creates an additional or a different onus on that lawyer. And if you agree that the former is permissible, and I think Keller requires that, then suggesting that there's a different result in the context of the Oregon Keller Pure Bar, even if there's a mess-up, that goes too far in my book. Well, you're kind of merging two things. I think you're – whether or not it's a Keller Pure Bar, but the problem with that is the motion-dismiss standard, and they're saying you're not a Keller Pure Bar. And you provided – you say one thing, but it's one thing. And so that's – and so I think that's a harder question if it is a Keller Pure Bar, but at this stage it's difficult to say that that's what it is. I know you're over time. I – well, judges, do you have any other – any follow-up questions? I mean, Judge Cardone? No. Let me – can I just ask one last question? And assuming that we don't agree with the district court's decision that the – what I'm calling the pure free association claim is foreclosed by Keller and – or is foreclosed by any case, what do we do with that? Should we reach it, or should we send it back to the district court to decide? I think, in fairness, it hasn't been addressed in any distinct way in these briefs, Your Honor. And I don't know how you would address it. So you'd say the better thing would be to tell the district court you're wrong, that this claim is foreclosed, decide it. I think if it hasn't – I think that would be the case, Your Honor. If – I'm not saying you have to agree with my premise, but if my premise is correct, yeah. All right. Well, thank you, counsel. That's very helpful. You can have another minute or so, Mr. Spencer. Thank you. I just want to make one point. The part about lawyers' rights not being the same was not raised below and not raised in the briefs, and I'm not prepared to even discuss that because it was the first time this has been raised in front of you at this point in time. So I'm a little concerned with that. There is a difference between freedom of association and freedom of speech. Now, they are all protected by the First Amendment, yes, but they are different freedoms. And clearly Keller did not decide the freedom of association claim. It did not happen. There's no question about that, and again, counsel has already conceded that in their appellee's brief as well. So that has not been decided, and you can't – because it wasn't decided, how could it be precedent that you have to follow it? But you don't have to. Counsel? Yes. Yeah. So what is the – on the – so let's – I want to focus on the difference between the freedom of association and the freedom of speech. So if Keller tells us that you can have a procedure for refunding money for speech that is objectionable, what is there in the association outside of the speech that is objectionable? In other words, why shouldn't the remedy be the same on a freedom of association claim as it is on the freedom of speech claim? What's the difference between association and speech in this context? Well, first off, I disagree with the judge that the germane speech has been decided just because it was stated in an opinion, was not a decision. So that's obviously an issue that is there. It is a little bit difficult because they are similar. The reason for freedom of association is you don't want to be part of another organization. It's not necessarily because of their speech. I don't have to be compelled to be a member with someone else. I may not like the person. Well – It may not be speech oriented. If Oregon were to move to the California model, would you object to being regulated by the California State Bar? Well, in the California model, the California State Bar is now a state agency with state employees that license attorneys. I think that may be a wonderful way to go. In the exacting scrutiny analysis – Right, but if you didn't wish to belong to that group, do you have an option? Do you have a way to be a lawyer without belonging to that group? If you object to the group, I mean there's still an associational objection there. I'm trying to figure out what is the difference between your objection to belonging to the association and your objection to belonging to the association because of its speech. I think they're similar and I don't think there's any difference. But part of that is that I think the issue is whether or not germane speech can be funded. And I don't think Keller decided that question. Despite saying it, it was not an issue in Keller. Counsel, Judge Bivey's question, he just said – I think he's talking about the current California Bar. And he said what's the difference as far as being a member of the group now. But I don't – is that right? My understanding was that you're not a member of a group if you're a member of the California Bar now. You're like a doctor. You're licensed by it, but you're not a member of the American Medicals or the California Medical Association. Correct. That is the difference. And you're not a member of the Department of Motor Vehicles if you have a driver's license. Membership. Licensing is not membership. So Judge Bivey's – I mean Judge Bivey's question is what is the difference between the safeguards for giving your money back versus why don't those protect if your associational rights get – are by being forced to be a member. Isn't that your question, Judge Bivey, your original question? Yeah, I'm trying to figure out what the difference is between – I'm trying to figure out what the marginal difference is between a freedom of association claim and a freedom of speech claim. Now, one thing that you – one thing that I thought I heard you say was, well, I only have a right under free speech to receive money back for non-germane speech, and I want my money back for germane speech. I just don't want to belong to a group that speaks at all even if it's germane. Well, I think that's – I mean, I'm trying to figure out is there any difference between association and speech here, and if so, what is the difference? Well, there is additional with association. Speech is a big part of association. I don't want to be associated with somebody or have them speak for me. Yes, that is a big part of association. Even if it's germane? Even if it's germane. That's what Janus is all about. Janus is not about non-germane speech because you could not use funding for non-germane speech already. There wouldn't be a need for Janus if it was all non-germane speech. They didn't have to decide it. Abood already prohibited it. So we don't have to overrule that part of Abood. What they overruled was the use of compelled funding for germane speech. But in an association, it's just being forced to be a member with someone else that you could object to, I believe, as well. I think, counsel – so I think this back and forth has sort of clarified something for me at least, and that is I think by you collapsing germane and non-germane and saying you can't fund either, I think Judge Bybee may be right. There's not a lot of distance between your formulation, which obviously I've been pushing back on, but your formulation that Keller has decided all speech. But if you agree that you can get the money back, that you have a right not to fund certain kinds of speech that you wouldn't have to fund if it wasn't like a licensing, then I think that that's probably different than an association claim saying, for instance, that I shouldn't just be able to add Judge Bybee and Judge Cardone's decisions to my opinion without their – and associate them with my crazy ideas in my opinions without them agreeing to it, right? And no amount of money would compensate them for that. I think that's the idea of the difference, isn't it? I think that's a big part of it. And, of course, using Janus, you have to opt in, not opt out and get a refund. And I think that's extremely important as well. Yeah, that's why Janus goes beyond Keller. But, again, it depends on whether or not we're bound by Keller. Thank you, Judge Bybee, for your follow-up question because that was helpful to me to kind of see how his argument connects to the other argument. Any other questions, judges? Well, thank you, counsel. This is very helpful. And I think – so this case will be submitted on the record in the briefs in an argument.
judges: Bybee, Vandyke, Cardone